## KILONA CROWN JEWELERS, INC.

v.

## WHARFSIDE ASSOCIATES LIMITED PARTNERSHIP.

No. 93–662–Appeal.

Supreme Court of Rhode Island.

Nov. 21, 1994.

Karen Pelczarski, William Landry, Providence.

Robert Fine, Providence.

### ORDER

This matter came before the Supreme Court on November 7, 1994 pursuant to an order directing the plaintiff to appear and show cause why this appeal should not be summarily denied and dismissed. In this case plaintiff, Kilona Crown Jewelers (Kilona) has appealed from a Superior Court judgment for the defendant on defendant's counterclaim. The trial court found that Kilona had materially breached its lease with the defendants.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument this court concludes that cause has not been shown. For the reasons that follow, plaintiff's appeal is denied and dismissed.

The jury-waived trial was bifurcated and the decision under review was rendered after trial of the issue of whether plaintiff had breached its lease with defendant.

In 1986 Kilona entered into a lease with LWA Limited Partnership, the predecessor of defendants Wharfside Associates Limited Partnership. Under the lease Kilona would operate a jewelry store in a hotel that was being constructed. The plaintiff was responsible for the construction of its store premises consistent with the provisions of its lease.

Section 36 of the lease, entitled "Indemnity by Tenant," provides in part:

"Tenant will indemnify landlord * * * against any and all * * * claims, action or demands * * * incurred by Tenant in connection with Tenant's Construction or any other work done upon the Leased Premises * * * that the Leased Premises shall at all times be free of liens. If any such lien shall * * * be filed, the Tenant shall either cause the same to be vacated and cancelled of record within ten (10) days * * * or if Tenant in good faith determines that such lien should be contested, Tenant shall furnish such security, by security bond or otherwise, as may be necessary or be prescribed by law to release the same as a lien * * *."

A dispute arose between Kilona and its contractor. On May 3, 1988, the contractor filed a notice of intention to claim a mechanics lien pursuant to G.L.1956 (1984 Reenactment) § 34–28–4. Kilona immediately notified the lessor of its intention to contest the liens. Kilona argues that the contractor never perfected the lien, did not pursue its claim or file a lis pendens or petition to enforce the lien.

The trial justice found, however, that the language of section 36 was clear, unambiguous and consistent with the parties' intent to keep the premises free of liens at all times. She further found that the May 1988 "Notice of Intention to Claim a Lien" was within the class of encumbrances anticipated by section 36 and that section 36 was not limited to interpretation under the mechanics' lien statute.

The trial justice heard evidence that no bond or other security had been advanced by plaintiff in response to the contractor's claim, that it had engaged in disputes with every party who had done any construction on the premises for the jewelry store. There was evidence that Kilona had entered into a long-term lease for an identical business at a nearby location. While the president of Kilona acknowledged that the work performed on

the premises was worth at least $6,000, none of that amount had been paid. Letters from the defendants to Kilona dated February 10, 1989, April 1, 1988 and May 6, 1988, all demanded that Kilona produce a bond. None was ever produced. The defendant was required to indemnify its title company in order for the bank to advance construction funds. The trial justice found Kilona's default to be material.

Our standard of review of the findings of fact of a trial justice sitting without the intervention of a jury is extremely deferential. *Cerilli v. Newport Offshore, Ltd.*, 612 A.2d 35, 39 (R.I.1992). These findings will not be disturbed "unless it is established that [the judge] misconceived or overlooked material evidence or was otherwise clearly wrong." *Id.* at 39. This same deference is also given to a judge's determination on mixed questions of law and fact. *Id.* We also recognize that it is the judge's duty to weigh the evidence and assess the credibility of the witnesses. *Providence & Worcester v. Blue Ribbon Beef*, 463 A.2d 1313, 1319 (R.I.1983).

In the present case the judge held that "[n]ot only is the ten-day period in section (b) of the lease explicitly set forth in that portion of the contract language, which requires the tenant to elect one of two alternatives, but the ten-day period is referred to in subsequent language which contemplates default if the lien is not released in 'the time period aforesaid.'"

We are of the opinion that the trial justice correctly reviewed and interpreted the language of the contract and was justified in reaching the conclusions she did reach.

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

LEDERBERG, J., did not participate.